UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

ARAMIS DONES,

      Plaintiff,

    -v-

KISA SMALLS, et al.,

      Defendants.

17-CV-6038 (JPO)

OPINION & ORDER

---------------------------------------------------------

J. PAUL OETKEN, District Judge:

  Plaintiff Aramis Dones, who was formerly incarcerated at Ogdensburg Correctional Facility ("Ogdensburg"), brings this *pro se* civil-rights action under 42 U.S.C. § 1983, alleging that Defendants denied him food and medical attention during a lockdown. (Dkt. No. 8 at 4.)

  Defendants filed their answer on January 30, 2018, (Dkt. No. 17) and the case was referred to Magistrate Judge Cott on February 7, 2018, for pretrial matters (Dkt. No. 18). A discovery schedule was set at an April 4, 2018, initial pre-trial conference. (Dkt. No. 29.) At that conference, Magistrate Judge Cott reminded Plaintiff that, should his address change, he must provide a new address to opposing counsel and to the Court. (Dkt. No. 29 at 1.)

  Plaintiff was released from Ogdensburg on or about May 17, 2018, but he has not provided opposing counsel or this Court with an updated address. (Dkt. No. 30 at 1–2.) On June 20, 2018, Magistrate Judge Cott stayed discovery and ordered Plaintiff to provide updated contact information no later than July 6, 2018. (Dkt. No. 31.) After Plaintiff failed to comply with this order, Defendants filed a letter-motion to dismiss for failure to prosecute. (Dkt. No. 33.) This Court then ordered Plaintiff to inform the Court in writing of his current mailing address and to show good cause for failure to comply with Magistrate Judge Cott's prior order by

August 10, 2018. (Dkt. No. 34.) If Plaintiff again failed to comply, this Court warned, his action might be dismissed for failure to prosecute. (*Id.*)

As of this date, Plaintiff has made no response. Accordingly, this Court must consider whether to dismiss the case under Federal Rule of Civil Procedure 41(b), which authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a *pro se* plaintiff's claim "only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. *Id.* (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, the factors weigh in favor of dismissal. First, Plaintiff's last communication with the Court or opposing counsel was five months ago, and there is no basis for believing that a renewal of communication is imminent. (Dkt. No. 30 at 1–2.) Second, Plaintiff was informed at an initial pre-trial conference that he must keep the Court and opposing counsel updated should he change his address, (Dkt. No. 29 at 1) and since that initial notification, this Court has twice ordered him to provide an updated address, both times citing involuntary dismissal as a

2

potential consequence (Dkt. No. 31; Dkt. No. 34).  Third, further delay would prejudice Defendants.  The discovery period in this case was scheduled to close by July 13, 2018, (Dkt. No. 29) but discovery has been stayed indefinitely due to Plaintiff's absence from the case.  (Dkt. No. 31.)  Defendants have been unable to depose Plaintiff, (Dkt. No. 30 at 1–2) and they cannot reasonably be expected to proceed without having done so.  Fourth, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity.  Yet, as noted, Plaintiff has made no such indication.  Fifth and finally, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate."  *Singleton v. City of New York*, No. 14-cv-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015).  A financial penalty may be even stronger medicine than dismissal for a *pro se* plaintiff proceeding *in forma pauperis*.

Simply put, "[t]here is no indication that [Plaintiff] wishes to continue with this action." *Garcia v. Tal on 1st Inc.*, No. 14-cv-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016).  The "circumstances are sufficiently extreme" to warrant dismissal.  *Id.* (quoting *Lucas*, 84 F.3d at 535); *see also, e.g.*, *Osborn v. Montgomery*, No. 15-cv-9730, ECF No. 59 (S.D.N.Y. May 1, 2018) (adopting magistrate judge's recommendation of dismissal after a pro se litigant's failure to update his address and communicate with the court or opposing counsel caused a five-month delay in proceedings).

Although this action shall be dismissed, dismissal shall be without prejudice.  The statute of limitations on Plaintiff's civil-rights claims appears not yet to have expired, and extinguishing Plaintiffs' claims altogether would be an unnecessarily drastic step where Plaintiff is proceeding without the aid of counsel and where this Court cannot be certain that Plaintiff has in fact received the communications warning him of the potential dismissal of his case.

3

Accordingly, in light of the factors mentioned above, this case is dismissed without prejudice. The Clerk is directed to close this case.

SO ORDERED.

Dated: September 4, 2018
        New York, New York

                                                J. PAUL OETKEN
                                          United States District Judge

*COPY MAILED TO PRO SE PLAINTIFF*